IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH EUGENE MANDER, III, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 24-0021J |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | Re: ECF Nos. 41, 46, and 51 |
| SCI HOUTZDALE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Plaintiff Joseph Eugene Mander, III ("Plaintiff), is a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") and brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* and through his Amended Complaint asserts claims related to the conditions of his confinement at the State Corrections Institution at Houtzdale ("SCI – Houtzdale") ECF No. 18, 45.

Pending before the Court are three motions filed by Plaintiff. The first motion seeks relief in the form of an order requiring officials at SCI-Houtzdale to provide him with an explanation for his status as an inmate in Administrative Custody. ECF No. 41. Through the second motion, Plaintiff seeks an Order requiring the seizure of video security footage from cell HC-1007-01 from February 15, 2022, through February 23, 2022. ECF No. 46. Defendant has filed responses to these motions, and both are ripe for disposition. ECF Nos. 48 and 49. Plaintiff also presents a Motion for Leave to Amend his Complaint for the fourth time to add a "miscellaneous amount" of damages to his claims against SCI Houtzdale and the Pennsylvania Department of Corrections. ECF No. 51. The exhibits attached to the motion indicate that this claim arises out of the loss of property

1

during a move from a Psychiatric Observation Cell to the Restricted Housing Unit. Id. at 51-1, 51-2.

   1. **Motion to Compel Information – ECF No. 41**

As to Plaintiff's first motion, Defendant has submitted to the Court DOC records reflecting that on March 21, 2024, a Program Review Committee ("PRC") placed Plaintiff in administrative custody because he was either in danger or was deemed a danger to someone else and could not be protected by alternate measures. ECF No. 49-2 at 3. The PRC met again on March 29, 2024, and authorized Plaintiff's transfer to the Restricted Housing Unit on administrative custody status as the result of a misconduct for threatening an employee or a member of the employee's family. ECF No. 49-1 at 1; ECF No. 49-2 at 2. Because Plaintiff had been housed in a Psychiatric Observation Cell, he was placed in the RHU on PHS status with a 15-minute observation schedule and a razor restriction. Id. On April 22, 2024, the PRC authorized Plaintiff to be moved from psychiatric observation to the RHU on Disciplinary Custody Status to complete his 90-day misconduct adjudication. Plaintiff was also to be continued on 15-minute observations and a razor restriction.

Based on the information provided, Plaintiff's Motion to Compel Information is denied as moot.

   2. **Motion to Seize Evidence – ECF No. 46**

Defendants correctly assert that this action is in its preliminary stages and discovery has not yet been authorized or scheduled by the Court. ECF No. 48. Defendants state that they are in the process of compiling evidence and that if any video evidence is available, counsel will arrange for viewing by Plaintiff. Id. Through Plaintiff's motion, and the filing of this action, Defendants have been placed on notice of their requirement to preserve evidence that may be relevant to

Plaintiff's claims. Fed. R. Civ. P. 26(b). Should Defendants fail to produce the video evidence after the Court issues a case management order authorizing the commencement of discovery and after being served by Plaintiff with a timely request for production of documents and things, Plaintiff may file a motion to compel. Accordingly, Plaintiff's Motion to Seize Evidence is denied without prejudice.

    **3. Motion for Leave to Amend – ECF No. 51**

Plaintiff seeks leave to add a damages amount ($20,000,000) to his claims against SCI-Houtzdale and the Department of Corrections. Plaintiff previously amended his complaint to state an identical damages amount. ECF No. 45 at 3. Accordingly, Plaintiff's Motion for Leave to Amend Complaint is denied as moot.

For the foregoing reasons, Plaintiff's Motion to Seize Evidence, ECF No. 41, Motion to Compel Information, ECF No. 46, and Plaintiff's Motion for Leave to Amend Complaint, ECF No. 51, are denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.  Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: May 15, 2024                                          BY THE COURT:

                                                                                 */s/  Maureen P. Kelly*
                                                                                 MAUREEN P. KELLY
                                                                                 UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record via CM/ECF

        JOSEPH EUGENE MANDER, III
        NS4160
        SCI HOUTZDALE
        P.O. Box 1000
        209 Institution Drive
        Houtzdale, PA 16698-1000