IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH EUGENE MANDER, III, | ) |
| Plaintiff, | ) Civil Action No. 24-0021J |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF Nos. 55, 56, 65, 66, and 67 |
| CO MUNSHOWER; SCI HOUTZDALE; JOHN DOE STAFF and PRISON OFFICIALS, | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Joseph Eugene Mander, III ("Plaintiff), is a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") and brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* and through his Amended Complaint asserts claims related to the conditions of his confinement at the State Correctional Institution at Houtzdale ("SCI – Houtzdale") ECF No. 18, 57.

Presently before the Court are a series of motions and letters to the Court. ECF Nos. 55, 56, 65, 66, and 67. The Court resolves each as follows.

1. **ECF No. 55 – Motion to Recuse**

Plaintiff has filed a Motion to Recuse. ECF No. 55. Plaintiff states he does "not like the way this case is being handled." Id. He states he is not being informed of important facts, including the erroneous termination of Defendant C.O. Munshower.[1] Pursuant to 28 U.S.C. § 455(a), a judge shall recuse herself in a proceeding in which her impartiality might reasonably be questioned. "The

---

[1] The Court's records reflect that Defendant C.O. Munshower remains an active Defendant in this action. He was inadvertently terminated as a party by the Clerk's Office on April 8, 2024, but reinstated as a Defendant on May 17, 2024, upon review of Plaintiff's Amended Complaint by the undersigned.

test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003) (citation omitted). "Recusal [...] is not a matter to be lightly undertaken by a district judge." Simonson v. Gen. Motors Corp., 425 F. Supp. 574, 578 (E.D. Pa. 1976). "[T]here is as much obligation upon a judge not to recuse herself when there is no occasion to do so as there is for her to recuse when there is." Svindland v. Nemours Found., 2009 WL 2603183, at *2 (E.D. Pa. Aug. 21, 2009) (citations omitted). The undersigned sees no basis for recusal in this action. Thus, Plaintiff's Motion to Recuse is **DENIED**.

2. **ECF No. 56 – Motion for Case Status**

Plaintiff presents a Motion for Case Status and asks a series of questions. ECF No. 56. For purposes of clarifying the status of this action, the Clerk of Court is directed to forward a copy of the docket to Plaintiff with this Order. As such, the Motion for Case Status is **GRANTED**.

a. **Docketing of Amended Complaint**

As to Plaintiff's questions, he first asks whether his Amended Complaint was accepted. Id. The docket reflects that the Amended Complaint was docketed on April 8, 2024. ECF No. 40. Plaintiff's Supplement to the Amended Complaint was docketed on April 16, 2024. ECF No. 45. And, due to a filing error, the Amended Complaint was re-docketed on May 17, 2024. ECF No. 57. **Thus, Plaintiff's Amended Complaint at ECF No. 57 has been filed and is the operative complaint, as supplement by ECF No. 45.**

b. **Demand for Jury**

Plaintiff next asks whether this matter will be tried before a jury. ECF No. 56. Plaintiff has not made a demand for jury trial in his Complaint, Supplement to Complaint, or Amended Complaint. ECF Nos. 18, 45, 57. The Court notes that the Complaint form used by Plaintiff did

not provide the option or opportunity to demand a jury trial, and the demand was not added to any supplemental pleading. Pursuant to Federal Rule of Civil Procedure 38 (b)(1), a party may demand a jury trial by "serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." In relevant part, Rule 5(d) requires filing by delivery to the clerk. Plaintiff's last pleading was docketed on May 17, 2024, and more than 14 days have passed.

Failure to make a timely jury demand ordinarily results in waiver of the right to have the matter heard by a jury. Fed. R. Civ. P. 38(b). Nevertheless, a party may, upon motion to the court, and in the court's discretion, seek leave to file an untimely demand for jury. Fed. R. Civ. P. 39(b).

"The United States Court of Appeals for the Third Circuit has established a five factor balancing test for district courts to utilize in determining whether it is within its discretion to permit an untimely demand for jury under Rule 39(b)." Young v. Kolbey, No. 11-CV-05301, 2013 WL 1285471, at *3 (E.D. Pa. Mar. 29, 2013) (citing United States Securities and Exchange Commission v. The Infinity Group Company, 212 F.3d 180 (3d Cir. 2000). These factors include: (1) whether the issues are suitable for a jury; (2) whether granting the motion would disrupt the schedule of the court or the adverse party; (3) whether any prejudice will result to the adverse party; (4) how long the party delayed in bringing the motion; and (5) the reasons for the failure to file a timely jury demand. Infinity, 212 F.3d at 195–196.

In the interests of justice, the Court construes ECF No. 56 as a motion for leave to file an untimely demand for jury. The Court further finds that the issues raised by Plaintiff's claims are suitable for a jury and that his belated request will neither disrupt the schedule of the court nor prejudice any adverse party. Plaintiff's belated request was not filed so late as to constitute

3

inexcusable delay. And, finally, the Court again notes that the *pro se* form complaint used by Plaintiff does not contain an option for a demand for jury. ECF No. 18.

Therefore, upon consideration of the <u>Infinity</u> factors, Plaintiff's Motion for Leave to File an Untimely Demand for Jury is **GRANTED**.

### c. Trial Date and Witnesses

Plaintiff's last two questions concern the identity of witnesses to be subpoenaed to Court and the date of his trial. The Court reminds Plaintiff that a Motion to Dismiss is currently pending and it is not at all certain that Plaintiff states any claims for relief. Thus, pretrial statements have not yet been filed and the identity of trial witnesses has not yet been determined by the parties. For the same reason, it is premature to determine when any trial of this matter may be held.

### 3. ECF No. 65 – Defendant Nurse Ms. Della Torres

Plaintiff has filed a document stating that he "would like to decline in furnishing a complaint against Ms. Della Torres in the following case." ECF No. 65. He states he was "not intending to prosecute Ms. Torres, but wanted her to appear in court." <u>Id.</u> The Court construes Plaintiff's filing as a Notice for Voluntary Dismissal of his claims against Nurse Ms. Della Torres pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). Because Nurse Ms. Della Torres has not been served, dismissal of her as a party does not require a Court order. **Thus, the Clerk is directed to terminate Nurse Ms. Della Torres as a defendant in this action.**

### 4. ECF Nos. 66 and 67

In response to Defendants' pending Motion to Dismiss, ECF No. 62, Plaintiff has filed correspondence and a notice to the Court stating that he opposes the Motion to Dismiss. ECF Nos. 66 and 67. Plaintiff's filings do not set forth the grounds for his opposition to the Motion to Dismiss but do contain disturbing statements that if this action is dismissed, he is planning to engage in

self-harm. Upon receipt of the documents, court staff contacted the Office of General Counsel for the Department of Corrections and requested a wellness check on Plaintiff.

Plaintiff is advised that his statements will not have any bearing on the Court's resolution on the merits of the pending Motion to Dismiss. However, in the interest of justice, **Plaintiff is granted an extension of time until July 12, 2024 to file a brief in opposition to the pending Motion to Dismiss to address the substance of the arguments presented by Defendants.**

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated:   June 10, 2024

BY THE COURT,

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   JOSEPH EUGENE MANDER, III
NS4160
SCI HOUTZDALE
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698-1000

All counsel of record via CM/ECF