IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH EUGENE MANDER, III, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 24-0021J |
| | ) | |
| v. | ) | District Judge Haines |
| | ) | Magistrate Judge Maureen P. Kelly |
| CO MUNSHOWER; SCI HOUTZDALE; | ) | |
| JOHN DOE STAFF and PRISON | ) | Re: ECF Nos. 76, 77 |
| OFFICIALS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff Joseph Eugene Mander, III ("Plaintiff), is a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") and brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* and through his Amended Complaint asserts claims related to the conditions of his confinement at the State Correctional Institution at Houtzdale ("SCI – Houtzdale") ECF No. 18, 57.

Presently before the Court are Plaintiff's Motion for Appointment of Counsel, ECF No. 76, and a Motion for Relief, ECF No. 77, through which Plaintiff seeks state his demand for damages of $500,000. For the following reasons, both motions are denied.

**1. Motion for Appointment of Counsel**

In considering a motion for the appointment of counsel, the Court must determine whether to request counsel to represent this indigent litigant under 28 U.S.C. § 1915(e)(1), fully recognizing that if successful counsel may recover fees under the provisions of Section 1988 of Title 42, United States Code. Section 1915(e)(1) gives the Court broad discretion to determine whether the appointment of counsel is warranted, and that determination must be made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

1

As a threshold matter the district court should consider whether the plaintiff's claim has arguable merit in fact or law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). See Tabron v. Grace, 6 F.3d at 155. If the court determines that the claim has some merit, the court should then consider the following factors:

1. the plaintiff's ability to present his or her own case;

2. the complexity of the legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

4. the amount the case is likely to turn on credibility determinations;

5. whether the case will require the testimony of expert witnesses; and

6. whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d at 457. "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

After carefully considering Plaintiff's allegations, the appointment of counsel is unwarranted and therefore the Court will not exercise its discretion.

First, it does not appear with any degree of certainty that Plaintiff is setting forth a factual basis that demonstrates he will ultimately prevail on the merits. Still, in considering factors one and two, the litigant's ability to present his case and the difficulty of the legal issues involved, the issues presented in the complaint are neither difficult nor complex, and nothing in the record suggests that Plaintiff is incapable of presenting his case. In fact, Plaintiff has amply demonstrated

2

his ability to file motions, respond to motions, and otherwise communicate with the Court throughout this litigation.  Similarly, the third consideration, the degree to which factual investigation will be necessary and Plaintiff's ability to conduct such investigation, does not support the appointment of counsel since Plaintiff's case would basically rely on his testimony and it is too early in the litigation to determine what, if any, factual investigation will be necessary. Further, while it may be that the credibility of witnesses will be at issue, as it is in every case, it does not appear that the case will become a "swearing contest" or that proper adjudication will require the testimony of expert witnesses.

Indeed, the only factor that seemingly weighs in Plaintiff's favor is that he would be unable to afford to retain counsel on his own behalf as shown by his having requested and been granted *in forma pauperis* status.  While it may be that this factor weighs in favor of appointing counsel, standing alone, it does not outweigh the other factors discussed.  See Torrence v. Saunders, 2012 WL 137744, at *2 (D.N.J. Jan. 18, 2012); Torres v. Yocum, 2011 WL 6100333, at *2 (M.D. Pa. Dec. 07, 2011); Ortiz v. Schmidt, 2011 WL 282745, at *2 (D.N.J. Jan. 24, 2011).[1] The Court does not intimate that Plaintiff would not benefit from the appointment of counsel, but it appears that the appointment of counsel will not materially aid justice to such a degree as to warrant the exercise of the Court's discretion.  Thus, until a showing is made that the interests of justice require the Court to exercise its discretion, the Court declines to do so.  See Lassiter v. Dept. Soc. Services, 452 U.S. 18 (1981).

---

[1] Under our Local Rules of Court, motions for the appointment of counsel submitted by incarcerated individuals who are proceeding pro se, as Plaintiff is, are not to be granted until after dispositive motions have been resolved absent special circumstances.  W.D. Pa. LCvR 10C. A Motion to Dismiss is pending, discovery has not yet been ordered, and Motions for Summary Judgment have not been scheduled. Thus, Plaintiff's request is premature.

2. **Motion for Relief**

Plaintiff seeks to have his demand for damages reflected at the amount of $500,000. ECF No. 77. To be clear, under Local Civil Rule 8, "[n]o party shall set forth in a pleading originally filed with the Court a specific amount of unliquidated damages in a pleading except as may be necessary to invoke the diversity jurisdiction of the Court or to otherwise comply with any rule, statute or regulation which requires that a specific amount in controversy be pled in order to state a claim for relief or to invoke the jurisdiction of the Court." W.D. Pa. LCvR 8. Since this Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, there is no basis for Plaintiff's request. The Motion for Relief is properly denied.

Accordingly, this 25th day of June 2024, for the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel, ECF No. 76, and Plaintiff's Motion for Relief, ECF No. 77, are DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed 14 days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely appeal will waive any appellate rights.

Dated:   June 25, 2024                                            BY THE COURT,

                                                                  /s/ *Maureen P. Kelly*
                                                                  MAUREEN P. KELLY
                                                                  UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Stephanie L. Haines
        United States District Judge

4

JOSEPH EUGENE MANDER, III
NS4160
SCI HOUTZDALE
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698-1000

All counsel of record via CM/ECF