IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH EUGENE MANDER, III, | ) |
| Plaintiff, | ) Civil Action No. 24-0021J |
| v. | ) District Judge Stephanie L. Haines |
| | ) Magistrate Judge Maureen P. Kelly |
| SCI HOUTZDALE | ) |
| | ) Re: ECF Nos. 130, 133 |
| Defendant. | ) |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff's third motion for appointment of counsel, ECF No. 130, and a "Motion to Know Why I am being Denied Motion to Appoint Counsel." ECF No. 133. For the following reasons, Plaintiff's Motion for Appointment of Counsel is denied, and Plaintiff's supplemental Motion is denied as moot.

### I.     RELEVANT BACKGROUND

Plaintiff Joseph Eugene Mander, III ("Plaintiff), is a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") and is currently housed at the State Correctional Institution at Forest ("SCI – Forest"). He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. Through his Third Amended Complaint, he asserts claims against the State Correctional Institution at Houtzdale ("SCI – Houtzdale") related to the alleged deprivation of a plastic sling and medical treatment for a broken collar bone. ECF No. 93.

Plaintiff first moved for appointment of counsel on June 21, 2024. ECF No. 77. Upon consideration of the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), the Court denied the motion without prejudice on June 25, 2024. ECF No. 79. The Court concluded that

1

Plaintiff failed to demonstrate that the fair administration of justice or special circumstances required an appointment of counsel. Plaintiff filed a second Motion for Counsel on December 4, 2024. ECF No. 114. The Court denied the motion on December 5, 2024, because Plaintiff failed to present any added grounds that the Court had not considered. ECF No. 115.

Now, in support of his third Motion for Appointment of Counsel, Plaintiff asserts that he has a constitutional right to "indigent counsel," and contends that he requires counsel to respond to Defendants' "Motion to Dismiss/Motion to Strike [Plaintiff's] Third Amended Complaint." ECF No. 130 (citing ECF No. 93). Plaintiff complains that he has made pleading errors that resulted in the dismissal of certain claims, and that his lack of "judicial understanding" is hampering his ability to proceed *pro se*.[1] Id. Plaintiff also asserts that he did not file briefs in support of various motions because he did not know what a brief in support was, or the procedure to file a brief in support. Id. Thus, he contends that he is entitled to the appointment of counsel.

## II.    DISCUSSION

Unlike criminal defendants, prisoners and indigent civil litigants have no constitutional or statutory right to counsel. See, e.g., Parkell v. Danber, 833 F.3d 313, 340 (3d Cir. 2016); Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The United States Court of Appeals for the Third Circuit has emphasized however "that volunteer lawyer time is

---

[1] To date none of Plaintiff's claims have been dismissed; instead, he has abandoned nearly all. The Court repeatedly explained to Plaintiff that when filing an amended complaint with leave of Court, Plaintiff must include all claims against all parties in one complete document. See, e.g., ECF Nos. 32, 39, 88 (explaining requirements for any proposed amended complaint); see also Palakovic v. Wetzel, 854 F.3d 209, 220 (3d Cir. 2017) ("an amended pleading ... supersedes the earlier pleading and renders the original pleading a nullity"). Thus, to the extent that any claims or parties have been "dismissed," it is due to Plaintiff's own failure to follow the Court's repeated and clear directions to include all claims against all parties in one complete amended complaint. Plaintiff has also filed two additional Amended Complaints. ECF Nos. 128 (related to the loss of property) and 131 (related to injuries sustained on December 3, 2024 when Plaintiff fell when he was "trying to hang [himself])." These documents add new unrelated claims and were filed without leave of Court or consent of opposing counsel. Accordingly, these documents will not be considered. Fed. R. Civ. P. 15(a)(2).

extremely valuable" and for that reason district courts should not request counsel "indiscriminately." Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993). It also observed that there are "significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." Id. Therefore, as explained in the Memorandum Order issued relative to Plaintiff's first Motion for Appointment of Counsel, district courts have broad discretion to determine whether it is appropriate to ask an attorney to represent an indigent prisoner in a civil rights action. Parkell, 833 F.3d at 340.

In exercising discretion, the district court should first consider whether the case has some arguable merit. Id. If it does, then the court should consider a range of factors, including:

1. the plaintiff's ability to present his or her own case;

2. the difficulty of the particular legal issues;

3. the degree of which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. the plaintiff's capacity to retain counsel on his or her own behalf;

5. the extent to which a case is likely to turn on credibility determinations, and;

6. whether the case will require testimony from expert witnesses.

Id. (quoting Montgomery, 294 F.3d at 499). See also Tabron, 6 F.3d at 155-57. This list is not exhaustive, nor is any one factor determinative. Parham v. Johnson, 126 F.3d 454, 458 (3d Cir. 1997).

Turning to the Third Amended Complaint filed on August 28, 2024, it does not appear that Plaintiff's claims have arguable merit because his pleading fails to identify a party against whom


a claim may be pursued.[2] ECF No. 93. Given the evident pleading deficiencies and Plaintiff's conceded or clear failure to exhaust available administrative remedies as required by the Prisoner Litigation Reform Act, the Court finds that Plaintiff's claims do not have arguable merit in fact and law. However, at this early stage of the proceedings, the Court nonetheless considers the Tabron factors.

Plaintiff's filings so far, including his motions for appointment of counsel, indicate not only that he is literate and articulate, but that he also can present his case and his legal arguments to the Court. In addition, even though Plaintiff has repeatedly failed to abide by the Court's instructions to submit his claims against all parties in one complete and comprehensive Amended Complaint, he has been able to set forth his factual allegations and legal claims in a comprehensible manner. Plaintiff also has appropriately filed and responded to motions, and has identified the legal issues presented, none of which are complex. Factual investigation is not necessary to resolve his claims, which likewise will not turn on credibility determinations or require the testimony of expert witnesses. Thus, Tabron factors one through five militate against the appointment of counsel. Finally, as to the sixth factor, it appears that Plaintiff is unable to afford counsel. Thus, this factor would support appointment of counsel.

Balancing the factors above and Plaintiff's able representation thus far with the acknowledged scarcity of available *pro bono* resources, the Court declines to exercise its discretion at this time to request counsel to represent Plaintiff in the prosecution of this action. See Houser v. Folino, 927 F3d 693 (3d Cir. 2019) (citing Parham, 126 F.3d at 457).

---

[2] The Third Amended Complaint fails to state a claim because Plaintiff only sued SCI – Houtzdale. A prison is not a "person" and thus cannot be sued under 42 U.S.C. § 1983. Pettaway v. SCI Albion, 487 F. App'x 766, 768 (3d Cir. 2012) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)).

Therefore, this 1st day of April 2025, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel, ECF No. 130, is DENIED without prejudice. IT IS FURTHER ORDERED that based on the reasons set forth in this Memorandum Order, Plaintiff's Motion to Know Why [He] is Being Denied [Appointment of Counsel], ECF No. 133, is denied as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed 14 days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely appeal will waive any appellate rights.

BY THE COURT,

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Stephanie L. Haines
      United States District Judge

      All counsel via CM/ECF

      JOSEPH EUGENE MANDER, III
      NS4160
      SCI FOREST
      P.O. Box 945
      286 Woodland Drive
      Marienville, PA 1623